**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| KESHA L. BARRON, | CIVIL ACTION |
| Plaintiff, | |
| v. | COMPLAINT   3:18-cv-02226 |
| CLAY COOLEY AUTO GROUP AND CIARA FINANCIAL SERVICES, INC, | JURY TRIAL DEMANDED |
| Defendant. | |

**COMPLAINT**

**NOW COMES** KESHA L. BARRON ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining of CLAY COOLEY AUTO GROUP and CIARA FINANCIAL SERVICES, INC. ("Defendants") as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action seeking redress for violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227, violations of the Texas Debt Collection Act ("TDCA") pursuant to Tex. Fin. Code Ann. § 392,  Invasion of Privacy ("IOP"), Intentional Infliction of Emotional Distress ("IIED"), and Trespass to Personal Property ("TPP").

**JURISDICTION AND VENUE**

2. Subject matter jurisdiction is conferred upon this Court by the TCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

3.   Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendants conduct business in the Northern District of Texas, maintain significant business contacts in the Northern District of Texas, and maintains its principal place of business in the Northern District of Texas.

### PARTIES

4.   Plaintiff is a consumer and natural person over 18-years-of-age who, at all times relevant, is a "person" as defined by 47 U.S.C. §153(39).

5.   Defendant Clay Cooley Auto Group ("Clay") is a car sales group with a principal place of business at 698 East Airport Freeway, Irving, Texas 75061.

6.   Defendant Ciara Financial Services, Inc. ("Ciara") is an auto financing company with a principal place of business located at 1251 E. Airport Freeway, Irving, Texas 75062. Ciara operates as Clay's in-house auto financing company.

### FACTS SUPPORTING CAUSES OF ACTION

7.   On or before February 2017, Plaintiff purchased a Toyota Corolla from Clay.

8.   Plaintiff put $700 as a down payment and financed the remaining balance of her vehicle through Defendant Clay's in-house financing company, Ciara.

9.   Plaintiff makes monthly payments on her car in the amount of approximately $545 ("subject debt").

10. On or around March 2017, Plaintiff received a phone call from Defendants asking for a payment on the subject debt.

11. At all times relevant, Plaintiff was the sole subscriber, owner, possessor, and operator of her cellular telephone number, (817) XXX-5064. Plaintiff is and has always been financially responsible for this cellular telephone and its services.

12. Plaintiff was confused as to why Defendants were contacting her as she was only one day late on her payment.

13. Plaintiff immediately answered the phone call and instructed Defendants not to call her anymore.

14. Failing to acquiesce to Plaintiff's demand that it stop contacting her, Defendants continued to call Plaintiff's cellular telephone attempting to collect the subject debt.

15. In addition to live agents, Defendants use robocalls, emails, and text messages to contact Plaintiff against her wishes.

16. Defendants call Plaintiff consistently and aggressively even if Plaintiff one day late on her payments.

17. Plaintiff has requested that Defendants cease calling, emailing, and texting her on multiple occasions.

18. Despite being on notice that communications to Plaintiff's cellular telephone are not welcomed, Defendants continue to call Plaintiff, even at her place of employment.

19. Notwithstanding Plaintiff's request that Defendants cease calling and sending text messages to her cellular phone, Defendants placed or caused to be placed no less than 117 harassing phone calls and numerous text messages to Plaintiff's cellular phone between March 2017 and the present day.

20. Moreover, in the phone calls Plaintiff answered, Plaintiff was greeted by a noticeable period of "dead air" while the Defendants' telephone system attempted to connect Plaintiff to a live agent.

21. Specifically, there would be an approximate 3 second pause between the time Plaintiff said "hello," and the time that a live agent introduced them self as a representative of Defendants attempting to collect on the subject debt.

22. Likewise, Plaintiff also hears what sounds to be call center noise in the background of Defendants' collection calls.

23. Plaintiff's demands that Defendants' phone calls cease fell on deaf ears and Defendants continued their phone harassment campaign.

24. Defendants intentionally harassed and abused Plaintiff on numerous occasions by calling multiple times in one day, and on back to back days, with such frequency as can be reasonably expected to harass.

25. Upon information and belief, Defendants placed their calls to Plaintiff's cellular telephone using an automated telephone dialing system, a system that is commonly used in the debt collection industry to collect defaulted debts.

26. The phone numbers that Defendants most often use to contact Plaintiff are (972) 573-6481 and (972) 721-4300, but upon information and belief, they may have used other phone numbers to place calls to Plaintiff's cellular phone.

### DAMAGES

27. Defendants' wanton and malicious conduct have severely impacted Plaintiff's daily life and general well-being.

28. Plaintiff has expended time and incurred costs consulting with her attorneys as a result of Defendants' unfair, deceptive, and misleading actions.

29. Plaintiff was unduly inconvenienced and harassed by Defendants' unlawful attempts to collect the subject debt.

30. Defendants' phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, increased risk of personal injury resulting from the distraction caused by the phone calls and text messages, aggravation that accompanies unsolicited text messages, harassment, emotional distress, anxiety, loss of concentration, diminished value and utility of her telephone equipment and telephone subscription services, the wear and tear caused to her cellular telephone, the loss of battery charge, the loss of battery life, and the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services.

## COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

31. Plaintiff restates and realleges paragraphs 1 through 30 as though fully set forth herein.

32. Defendants repeatedly placed or caused to be placed frequent non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone number using an automatic telephone dialing system ("ATDS") or prerecorded or artificial voice without Plaintiff's prior consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

33. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

34. Upon information and belief, based on Defendants' lack of prompt human response during the phone calls in which Plaintiff answered, Defendants used an ATDS to place calls to Plaintiff's cellular telephone.

35. Upon information and belief, the ATDS employed by Defendants transfers the call to a live agent once a human voice is detected, thus resulting in a pause after the called party speaks into the phone.

36. Defendants also repeatedly sent or caused to be sent frequent non-emergency text messages, including but not limited to the messages referenced above, to Plaintiff's cellular telephone number using a telephone facsimile machine ("TFM") or transmitting text without Plaintiff's prior consent in violation of 47 U.S.C. §227 (b)(1)(C).

37. The TCPA defines TFM as "equipment which has the capacity...to transcribe text or images, or both from paper into an electronic signal and to transmit that signal over a regular telephone line." 47 U.S.C. §227(a)(3).

38. Upon information and belief, based on Defendants' lack of prompt response to Plaintiff's text messages and the frequency of the text messages, Defendants used a TFM.

39. Defendants violated the TCPA by placing no less than 117 text phone calls to Plaintiff's cellular phone between March 2017 and the present day, using an ATDS without her prior consent.

40. Defendants also violated the TCPA by sending Plaintiff numerous text messages using a TFM without her consent.

41. Any prior consent, if any, was revoked by Plaintiff's multiple verbal revocations.

42. As pled above, Plaintiff was severely harmed by Defendants' collection calls and texts to her cellular phone.

43. Upon information and belief, Defendants have no system in place to document and archive whether it has consent to continue to contact consumers on their cellular phones.

44. Upon information and belief, Defendants knew its collection practices were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

45. Each Defendant, through their agents, representatives, subsidiaries, vendors, independent contractors, and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(C).

46. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendants are liable to Plaintiff for a minimum of $500 per text message. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendants' willful and knowing violations of the TCPA triggers this Honorable Court's discretion to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiff KESHA L. BARRON respectfully prays this Honorable Court for the following relief:

a. Declare Defendants' calls and text messages to Plaintiff to be violations of the TCPA;

b. Award Plaintiff damages of at least $500 per call and text message, and treble damages pursuant to 47 U.S.C. § 227(b)(3)(B)&(C); and

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendants from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

47. Plaintiff restates and realleges paragraphs 1 through 46 as though fully set forth herein.

48. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

49. The alleged subject debt is a "debt" "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

50. Defendants are a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

### a.  Violations of  TDCA § 391.302

51. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously,

or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

52. Defendants violated the TDCA when they continuously called and sent text messages to Plaintiff's cellular phone after she informed it to stop contacting him. This repeated behavior of systematically calling Plaintiff's phone despite her demands was oppressive, harassing, and abusive. The repeated contacts were made with the hope that Plaintiff would make a payment. The frequency and volume of the calls shows that Defendants willfully ignored Plaintiff's pleas with the intent of annoying and harassing him.

53. Furthermore, Defendants relentlessly contacted Plaintiff multiple times per day on numerous occasions. Placing numerous calls on the same day in short succession constitutes conduct causing a telephone to ring repeatedly or continuously with the intent to annoy, abuse, and harass Plaintiff into making payment in violation of the TDCA.

54. Upon being told to stop contacting Plaintiff, Defendants had ample reason to be aware that it should cease its harassing campaign of collection phone calls. Nevertheless, Defendants consciously chose to continue placing phone calls and sending text messages to Plaintiff's cellular phone.

**WHEREFORE**, Plaintiff KESHA L. BARRON respectfully requests that this Honorable Court:

  a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

  b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

  c. Award Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

  d. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

  e. Award Plaintiff costs and reasonable attorney fees as provided under Tex. Fin. Code Ann. § 392.403(b) ; and

f.   Award any other relief as the Honorable Court deems just and proper

## COUNT III-INVASION OF PRIVACY-INTRUSION UPON SECLUSION

55. Plaintiff restates and realleges paragraphs 1 through 54 as though fully set forth herein.

56. Defendants, through their collection conduct, have repeatedly and intentionally invaded Plaintiff's privacy.

57. Defendants' persistent and unwanted autodialed phone calls and text messages to her cellular phone eliminated Plaintiff's right to be left alone.

58. Moreover, Defendants' behavior in continuously contacting Plaintiff through several channels of communication, including by phone, email, and text message, at different times throughout the day, including while Plaintiff was at work, was highly intrusive and invasive.

59. All of the calls made to Plaintiff's cellular and work phones were made in violation of the TCPA, and were unreasonable and highly offensive invasions of Plaintiff's right to privacy.

60. The constant unauthorized prying into Plaintiff's seclusion was highly offensive to Plaintiff and this intrusion would be objectionable to any reasonable person.

61. Defendants' unsolicited phone harassment campaign severely disrupted Plaintiff's privacy, disrupted Plaintiff's sleep, disrupted Plaintiff's workflow and work productivity, disrupted Plaintiff's mealtimes, and continually frustrated and annoyed Plaintiff into submission.

62. These persistent collection calls eliminated the peace and solitude that Plaintiff would have otherwise had in Plaintiff's home, work, and anywhere else Plaintiff went with her cellular phone.

63. By continuing to call Plaintiff in an attempt to dragoon Plaintiff into paying the subject debt, Plaintiff had no reasonable escape from these incessant calls.

64. As detailed above, by persistently autodialing Plaintiff's work and cellular phones without her prior express consent, Defendants invaded Plaintiff's right to privacy, as legally protected by the TCPA, and caused Plaintiff to suffer concrete and particularized harm.

65. Defendants' relentless collection conduct and tactic of repeatedly auto dialing Plaintiff's work and cellular phones after she requested that these calls cease on numerous occasions is highly offensive to a reasonable person.

66. Defendants intentionally and willfully intruded upon Plaintiff's solitude and seclusion.

**WHEREFORE**, KESHA L. BARRON, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual damages;

c. Award Plaintiff punitive damages;

d. Award Plaintiff her reasonable attorney's fees & costs;

e. Enjoining Defendants from contacting Plaintiff; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT IV-INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

67. Plaintiff restates and realleges paragraphs 1 through 66 as though fully set forth herein.

68. To state a claim for intentional infliction of emotional distress, a plaintiff must allege (1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the conduct caused the plaintiff emotional distress; and (4) the emotional distress was severe. *Hoffmann--La Roche Inc. v. Zeltwanger*, 144 S.W.3d 438, 447 (Tex. 2004).

69. Defendants intentionally engaged in extreme and outrageous conduct when Defendants incessantly tried to dragoon the Plaintiff into making payments on the subject debt via intrusions, threats and harassment carried out during the phone calls to Plaintiff's cellular phone.

70. Defendants knew that their relentless phone calls, texts, emails, and threats would inflict severe emotional distress on Plaintiff and Plaintiff's general well-being.

71. Defendants' conduct was beyond all possible bounds of decency, was atrocious and utterly intolerable in a civilized society.

72. Defendants knew or should have known that Plaintiff had revoked consent to be contacted by any means.

73. Defendants' conduct was designed to cause severe emotional distress to the Plaintiff.

74. Defendants intentionally caused Plaintiff's emotional distress by way of endless phone calls, texts, and emails, at all hours of the day, whether Plaintiff was at home or at work, in an attempt to coerce Plaintiff into making a payment.

75. Defendants' actions were designed to instill fear and emotional distress upon Plaintiff.

76. Defendants' intentional or reckless conduct caused severe emotional distress to Plaintiff.

77. Plaintiff suffered an extreme disabling emotional response to Defendants' conduct that resulted in exasperation of Plaintiff's stress and increased hypertension.

78. As stated above, Plaintiff has suffered damages from Defendants' extreme and outrageous conduct.

**WHEREFORE,** Plaintiff KESHA L. BARRON respectfully requests that this Honorable Court enter judgment in her favor as follows:

   a.  Enter judgment in her favor and against Defendants;

   b.  Award Plaintiff her actual damages in an amount to be determined at trial;

   c.  Award Plaintiff punitive damages in an amount to be determined at trial;

   d.  Award any other relief this Honorable Court deems equitable and just.

11

## COUNT V-TRESPASS TO PERSONAL PROPERTY

79. Plaintiff restates and realleges paragraphs 1 through 78 as though fully set forth herein.

80. Trespass to Personal Property is "an injury to, or interference with, possession, unlawfully, with or without the exercise of physical force." *Mountain States Tel. & Tel. Co. v. Vowell Constr. Co.*, 341 S.W.2d 148, 150 (Tex. 1960).

81. "The harm recognized by the ancient common law claim of trespass to chattels — the intentional dispossession of chattel, or the use of or interference with a chattel that is in the possession of another, is a close analog for a TCPA violation." *Mey v. Got Warranty, Inc.,* 193 F.Supp.3d 641, 647 (N.D. W. Va. 2016).

82. Courts have applied this tort theory to unwanted telephone calls and text messages. *See Czech v. Wall St. on Demand,* 674 F.Supp.2d 1102, 1122 (D.Minn. 2009) and *Amos Financial, L.L.C. v. H&B&T Corp.,* 48 Misc.3d 1205(A), 2015 WL 3953325, at *8 (N.Y.Sup. Ct. June 29, 2015).

83. "Even if the consumer does not answer the call or hear the ring tone, the mere invasion of the consumer's electronic device can be considered a trespass to chattels, just as "plac[ing a] foot on another's property" is trespass." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1551 (2016) (Thomas, J., concurring).

84. Defendants' interfered with Plaintiff's ability to use her cellular phone while it was in her possession.

85. Defendants bombarded Plaintiff with over 117 calls and text messages, leaving her unable to use or possess her phone in the manner in which she wanted to.

86. Defendants knew or should have known that their phone calls and text messages were not consented to, as Plaintiff stated that Defendants must cease contacting her on numerous occasions.

87. Defendants caused damage to Plaintiff's phone, including, but not limited to, the wear and tear caused to her cellular telephone, the loss of battery charge, and the loss of battery life.

88. Plaintiff also suffered damages in the form of stress, anxiety, and emotional distress, from Defendants continuous interference with her possession of her cellular phone.

**WHEREFORE,** Plaintiff KESHA L. BARRON respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Enter judgment in her favor and against Defendants;

b. Award Plaintiff her actual damages in an amount to be determined at trial;

c. Award Plaintiff punitive damages in an amount to be determined at trial;

d. Enjoining Defendants from contacting Plaintiff;

e. Award any other relief this Honorable Court deems equitable and just.

**Plaintiff demands trial by jury.**

Dated: August 22, 2018                                    Respectfully Submitted,

/s/ Alexander J. Taylor
Alexander J. Taylor, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (331) 307-7646
ataylor@sulaimanlaw.com